1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ State Bar # 257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHARD JAQUEZ, JR.,

       Plaintiff,

   vs.

COUNTY OF SACRAMENTO; Sacramento
County Main Jail Commander ERIC MANESS;
Sacramento County Sheriff's Department Chief
of Correctional and Court Services JAMIE
LEWIS; Chief of Correctional Health Services
for Sacramento County, ANNMARIE
BOYLAN; and DOES 1 through 25, inclusive,

       Defendants.

_____/

NO. 2:10-cv-01040 MCE DAD

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Violation of Federal & State Civil Rights
Statutes; State Law Battery; *Monell*
Liability; Punitive Damages; and
Attorneys' Fees Requested

**JURY TRIAL DEMANDED**

     Plaintiff RICHARD JAQUEZ, JR. complains and alleges as follows:

### I.  JURISDICTION

     1.    This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C.
sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon
Title 28 U.S.C. sections 1331 and 1343.  This Court also has supplemental jurisdiction over
plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

//

//

## II.  VENUE

2.      Plaintiff's claims alleged herein arose in the City and COUNTY OF SACRAMENTO, California.   Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III.  INTRODUCTION

3.      RICHARD JAQUEZ, JR. (JAQUEZ) was arrested for a misdemeanor DUI just before midnight on January 21, 2009.  He was booked into the Sacramento County Main Jail shortly after midnight on January 22, 2009.  He was appropriately placed in the sobering cell (drunk tank), as he was under the influence of alcohol.  Later that morning, JAQUEZ knocked on the door of the sobering cell to find out what time it was.  He was concerned about calling his job before his shift was to begin.  As is frequently the case, the telephones in the sobering cell were turned off.  When the officer opened the door and JAQUEZ explained why he knocked, he was told to "sit the fuck down."   JAQUEZ was soon to learn what time it was—it was time for a beating.

4.      While JAQUEZ was complying with the officer's "sit down" instruction he asked what the problem was.  The officer then grabbed JAQUEZ'S left arm in a control hold. Another officer came in and grabbed his right arm and other officers joined in, one of whom delivered a kick to JAQUEZ'S forehead, which left an unmistakable imprint (see photo attached as Exhibit A), as well as disorienting him.  JAQUEZ was kicked and punched multiple times, as the mugging turned into a blur for him.  JAQUEZ suffered multiple injuries, including a fractured right elbow, low back pain, right shoulder strain, face and head pain, bruising, a boot imprint on his face and cut above his right eye.

5.      JAQUEZ was seen by registered nurse Cindy Peterson.  Nurse Peterson made no reference to the unmistakable boot print on JAQUEZ'S face, thereby actively concealing the evidence of his being beaten.

## IV.  PARTIES

6.      During all times mentioned in this Complaint, plaintiff RICHARD JAQUEZ was, and is, a resident of the COUNTY OF SACRAMENTO, California.

7.      Defendant COUNTY OF SACRAMENTO is a political subdivision of the State

of California, created and existing by virtue of the laws of the State of California.

8.     Defendant ERIC MANESS was at all times mentioned herein, the Jail Commander at the Sacramento County Main Jail employed by the COUNTY OF SACRAMENTO.  As Jail Commander, defendant MANESS was responsible for the training, supervision and discipline of Main Jail employees and/or agents, including DOES 1 through 15. Defendant MANESS was also responsible for the promulgation of the policies and procedures and allowance of the practices and/or customs pursuant to which the acts alleged herein occurred.  Defendant MANESS is being sued in his official and individual capacities.

9.     Defendant JAMIE LEWIS was at all time mentioned herein, the Sacramento County Sheriff's Department Chief of Correctional and Court Services employed by the COUNTY OF SACRAMENTO and acting in that capacity.  As Chief of Correctional and Court Services, defendant LEWIS was responsible for the training, supervision and discipline of Main Jail employees and/or agents, including DOES 1 through 15. Defendant LEWIS was also responsible for the promulgation of the policies and procedures and all allowance of the practices and/or customs pursuant to which the acts alleged herein occurred.  Defendant LEWIS is being sued in his official and individual capacities.

10.     Defendant ANNMARIE BOYLAN is, and was at all times mentioned herein, the Chief of Correctional Health Services for Sacramento County employed by the COUNTY OF SACRAMENTO and acting in that capacity.  BOYLAN was responsible for the policies, procedures, oversight and practices of healthcare for inmates at the Sacramento County Main Jail.  Defendant BOYLAN was also responsible for the training, supervision and discipline of county employees and/or agents, including DOES 16 through 25.  Defendant BOYLAN is being sued in her official and individual capacities.

11.     The true names and identities of defendant DOES 1 through 10 are presently unknown to plaintiff.  Plaintiff alleges that each of defendants DOES 1 through 10 was employed by the COUNTY OF SACRAMENTO and/or the Sacramento County Sheriff's Department at the time of the conduct alleged herein.  Plaintiff alleges that DOES 1 through 10 used excessive force upon plaintiff, acted negligently and/or encouraged and/or directed and/or

enabled other defendants to engage in the conduct alleged herein.    Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant DOES 1 through 10 have been ascertained.

12.    The true names and identities of defendant DOES 11 through 15 are presently unknown to plaintiff.  Plaintiff alleges that each of defendants DOES 11 through 15 was employed by the COUNTY OF SACRAMENTO and/or the Sacramento County Sheriff's Department at the time of the conduct alleged herein.  Plaintiff alleges that each of defendants DOES 11 through 15 was responsible for the training, supervision and/or conduct of the sheriff's deputies involved in this incident and identified as DOES 1 through 10.  Plaintiff alleges that each of defendants DOES 11 through 15 were also responsible for and caused the acts and injuries alleged herein.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants DOES 11 through 15 have been ascertained.

13.    The true names and identities of Defendants DOES 16 through 20 are presently unknown to plaintiff.  Plaintiff alleges that each of DOES 16 through 20 was the Medical Director of the Sacramento County jail system and/or the "Facility Heath Authority" as set forth under Title 15 of the California Code of Regulations.  Each of DOES 16 through 20 was responsible for the policies, procedures, oversight and practices of healthcare for inmates at the Sacramento County Main Jail.  These DOES 16 through 20 are being sued in their official and individual capacities.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant DOES 16 through 20 have been ascertained.

14.    The true names and identities of defendant DOES 21 through 25 are presently unknown to plaintiff.  Plaintiff alleges that each of DOES 21 through 25 was responsible for the training, supervision and/or conduct of Main Jail employees and/or agents involved in and/or responsible for providing healthcare in connection with this incident.  Plaintiff alleges that each of defendant DOES 21 through 25 was also responsible for causing the acts and injuries alleged herein.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of DOES 21 through 25 have been ascertained.

15.    Defendants, and each of them, to the extent they engaged in any acts or

omissions alleged herein, and unless otherwise indicated by this Complaint, engaged in such acts and/or omissions under color of state law.

## V.  EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

16.     Plaintiff filed a timely government tort claim with the COUNTY OF SACRAMENTO on or about July 20, 2009, as a precondition to the state law claims alleged in this action.

17.     As 45 days have elapsed since the filing of plaintiff's timely government tort claim, rejection is deemed as having occurred by operation of law and plaintiff is entitled to bring this action.

## VI.  FACTUAL ALLEGATIONS

18.     Plaintiff RICHARD JAQUEZ is a Hispanic male, thirty-two-year-old Route Checker with the Sacramento Regional Transit District.  This is a non-driving position. JAQUEZ is short statured at 5'4" with a medium build.  He does not possess any unusual strength or familiarity with the martial arts.

19.     On the evening of January 21, 2009, he was arrested by the Sacramento Police Department for a non-injury misdemeanor DUI.

20.     JAQUEZ was taken to the Sacramento County Main Jail.  After voluntarily submitting to a blood test at the jail, he was then booked into the custody of the sheriff's department without incident.

21.     JAQUEZ was placed in the sobering cell/drunk tank—a cell which is used to house inebriated arrestees.

22.     As the morning wore on and the effects of his alcohol consumption wore off, JAQUEZ became concerned about missing work.  He was scheduled to begin at 8:00 am.  His job required him to notify his supervisor prior to the start of the shift if he had to miss work.

23.     The telephone in the sobering cell was not working.  It is the practice of the sheriff's department to frequently have the phones, in the sobering cell in particular, and the booking loop in general, turned off, thus depriving arrestees of their constitutional and statutory

right to have access to a telephone.

24.     JAQUEZ knocked on the door window of the cell to determine what time it was and to gauge whether he would be released in time to allow him to go to work that day.

25.     An unidentified deputy, DOE 1, opened the door and told JAQUEZ to "sit the fuck down."

26.     As JAQUEZ was backing up to sit down, in compliance with the deputy's instruction, he explained that he was concerned about his work obligations and, thus, wanted to know what time it was.

27.     The deputy who had opened the door then went into the cell and placed a control hold on JAQUEZ'S left arm.  Shortly thereafter, additional deputies came into the cell, placed JAQUEZ'S right arm in a control hold and began punching and kicking him, delivering a powerhouse kick to his forehead.  The kick disoriented JAQUEZ, although he was still aware of receiving multiple punches to his body and face, as well as elbows and/or knees to his back.

28.     The deputies maintained control of JAQUEZ'S arms the entire time this assault was taking place.  The officer on JAQUEZ'S right arm, apparently caught up in the spirit of the beating, fractured JAQUEZ'S right elbow.

29.     The deputies removed JAQUEZ from the sobering cell and placed him in a segregation cell, which is a solitary cell.

30.     As he was being placed in the cell, Nurse Peterson was required to examine JAQUEZ.  She made no notation of the obvious boot print on JAQUEZ'S forehead.

31.     On January 22, 2009, JAQUEZ went to Kaiser Permanente's South Sacramento location to be treated for his injuries.  Dr. Todd Winters noted in his examination that JAQUEZ'S right elbow was swollen and unable to fully extend.  It was determined through an x-ray that JAQUEZ suffered a "nondisplaced fracture" of the right elbow.  Dr. Winters also noted that JAQUEZ had a "boot type partial imprint" on his face.  JAQUEZ'S arm was put in a sling, he was prescribed pain medication and a muscle relaxant and referred to the Orthopedics Department for follow-up and physical therapy.  He was given a limited duty work note for his employer.  On January 26, 2009, he started physical therapy.  On his initial visit, the therapist

1    noted JAQUEZ as having "raccoon eye" with obvious "subconjunctival hemorrhages." (*See*

2    Exhibit A.)

3        32.    Despite diligently following doctors' instructions, including therapy, JAQUEZ

4    continued to have right arm/hand stiffness and pain for at least 4 months.

5        33.    His right arm pain caused significant disruption to his sleep pattern for

6    approximately 1 month and continues to cause intermittent problems with his sleep.

7        34.    Defendants COUNTY OF SACRAMENTO, ERIC MANESS and JAMIE

8    LEWIS failed to properly train Sacramento County Main Jail deputies in the use of force.

9        35.    Defendants COUNTY OF SACRAMENTO, ERIC MANESS and JAMIE

10   LEWIS failed to properly supervise Sacramento County Main Jail deputies in the use of force.

11       36.    Defendants COUNTY OF SACRAMENTO, ERIC MANESS and JAMIE

12   LEWIS failed to properly discipline Sacramento Main Jail deputies for their use of force against

13   detainees.

14       37.    Defendants COUNTY OF SACRAMENTO, ERIC MANESS and JAMIE

15   LEWIS acquiesced in and/or ratified the actions of Defendants DOES 1 through 15.

16       38.    Defendants COUNTY OF SACRAMENTO, ERIC MANESS and JAMIE

17   LEWIS had a practice of systemically depriving arrestees their statutorily and constitutionally

18   guaranteed access to telephones.

19       39.    Defendants BOYLAN and DOES 16-25 had a de facto policy and/or practice of

20   not reporting obvious observed evidence of the use of excessive force by deputies upon

21   arrestees and inmates. This de facto policy and/or practice permitted the use of excessive force

22   by deputies.  This de facto policy and/or practice enabled, encouraged and was a cause of the

23   excessive force used upon JAQUEZ and others.

24                    **VII.  CAUSES OF ACTION**

25                    **FIRST CAUSE OF ACTION**
                      **Unreasonable Seizure/Excessive Force**
26   **(Violation of the Fourth Amendment to the U.S. Constitution:**
                    **Actionable under 42 U.S.C. §1983)**
27                    *(Against defendants DOES 1-15)*

28       40.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as

1    though fully set forth herein.

2         41.    The actions of defendants DOES 1-15, as alleged herein, interfered with the

3    exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the

4    U.S. Constitution.  Specifically, defendants, and each of them, interfered with plaintiff's rights

5    when defendants, using unjustified force, struck plaintiff, fractured his elbow and beat and

6    kicked plaintiff's face.

7         42.    As a direct and proximate result of said acts and/or omissions by defendants,

8    plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and

9    suffering, humiliation, emotional distress and other injuries.

10        43.    The aforementioned acts and/or omissions of said defendants were willful,

11   intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

12   rights entitling plaintiff to an award of punitive damages.  Wherefore, plaintiff prays for

13   judgment as set forth below.

14                      **<u>SECOND CAUSE OF ACTION</u>**
                         **Unreasonable Seizure/Excessive Force**
15   **(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
                 **Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
16                      *(Against defendants DOES 1-15)*

17        44.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as
18   though fully set forth herein.

19        45.    The actions of defendants DOES 1-15, as alleged herein, interfered with the
20   exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the
21   California Constitution.  Specifically, defendants, and each of them, interfered with plaintiff's
22   rights when defendants, using unjustified force, struck plaintiff, fractured his elbow, and beat
23   and kicked his face.

24        46.    Defendants actions constituted an excessive use of force, a violation of
25   plaintiff's right to bodily integrity, and further interfered with plaintiff's personal rights as
26   guaranteed by § 43 of the California Civil Code.

27        47.    As a direct and proximate result of said acts and/or omissions by defendants
28   DOES 1-15, plaintiff suffered unreasonable interference with his personal liberty, physical

injury, pain and suffering, humiliation, emotional distress and other injuries.

48.     Defendants' violations of plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles plaintiff to compensatory and punitive damages, a $25,000 civil penalty and attorney fees, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

49.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights as secured by Civil Code § 52.1, thereby entitling plaintiff to an award of punitive damages pursuant to Civil Code § 52(b)(1).

**THIRD CAUSE OF ACTION**
**Entity Liability/Unconstitutional Policies, Procedures, Practices and/or Customs**
(***Monell* claim: Actionable under 42 U.S.C. §1983**)
(*Against defendants County of Sacramento, Boylan, & DOES 16-25*)

50.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth herein.

51.     The aforementioned acts of defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN & DOES 16-25  in maintaining a de facto policy and/or practice of not reporting obvious observed evidence of the use of excessive force by deputies upon detainees violated plaintiff's constitutional and state law rights by creating a permissive environment in which deputies used excessive force on detainees with impunity.

52.     As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

53.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.  Wherefore, plaintiff prays for judgment as set forth below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CAUSE OF ACTION**
**Entity Liability/Failure to Train**
**(*Monell* claim: Actionable under 42 U.S.C. §1983)**
(*Against defendants County of Sacramento, Maness, Lewis, Boylan & DOES 11-25*)

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, as though fully set forth herein.

55.     The aforementioned acts of the individually named Defendants in using excessive force upon plaintiff and not reporting evidence of that excessive force violated plaintiff's constitutional and state law rights and occurred as a result of defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN and DOES 11-25's failure to adequately train deputies in the use of force and Correctional Health Services employees in the reporting of the use of excessive force.

56.     Defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN and DOES 11-25's failure to adequately train deputies in the appropriate use of force against arrestees and Correctional Health Services staff in reporting the use of excessive force amounted to deliberate indifference to the rights and privileges of citizens of the City and County of Sacramento to be free of excessive force.

57.     Defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN and DOES 11-25 tacitly encouraged, acquiesced in, ratified and/or approved of the unlawful use of excessive force against plaintiff, and knew or should have known that such conduct was unjustified and would result in violations of plaintiff's constitutional rights.

58.     The inaction of defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN and DOES 11-25 was a direct and proximate cause of the injuries suffered by plaintiff.

59.     As a direct and proximate result of the inactions of these defendants, plaintiff suffered injuries and damages as alleged herein.

**FIFTH CAUSE OF ACTION**
**Entity Liability/Supervisory Liability**
**(*Monell* claim: Actionable under 42 U.S.C. §1983)**
(*Against defendants County of Sacramento, Maness, Lewis, Boylan, & DOES 11-25*)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59, as

though fully set forth herein.

61.     The aforementioned acts of the individually named defendants in using excessive force upon plaintiff and violating plaintiff's constitutional and state law rights occurred as a result of defendants COUNTY OF SACRAMENTO, MANESS, LEWIS, BOYLAN, & DOES 11-25's failure to adequately supervise deputies in the use of force and Correctional Health Services Employees in the reporting of the use of excessive force.

62.     Defendants COUNTY OF SACRAMENTO, MANESS, LEWIS BOYLAN, & DOES 11-25's failure to supervise deputies in the appropriate use of force against arrestees and Correctional Health Services employees in the reporting of the use of excessive force amounted to deliberate indifference to the rights and privileges of citizens of the City and County of Sacramento to be free of excessive force.

63.     The inaction of these defendants was a direct and proximate cause of the injuries suffered by plaintiff in that said defendants tacitly encouraged, ratified and/or approved of the violation of plaintiff's rights and/or failed to adequately supervise their deputies and/or employees to prevent the occurrence of the constitutional violations alleged above.

64.     As a direct and proximate result of the aforementioned practices of these defendants, plaintiff suffered injuries and damages as alleged herein.

## SIXTH CAUSE OF ACTION
### Battery – California State Law
*(Against defendants DOES 1-15)*

65.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, as though fully set forth herein.

66.     The conduct of defendants DOES 1-15 as alleged herein, including but not limited to defendants' actions of fracturing plaintiff's elbow, kicking him in the face and generally pulverizing him, constituted a battery.

67.     Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

68.     Defendant COUNTY OF SACRAMENTO is vicariously liable for the conduct of its agents, all individual defendants named herein.

Jaquez – First Amended Complaint                    11

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1.      For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2.      For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3.      For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1;

4.      For declaratory and injunctive relief regarding the defective policies and procedures;

5.      For costs of the suit; and

6.      For such other relief as the Court deems just and proper.


Dated:  October 20, 2010                    Respectfully submitted,


                                            __/s/ Stewart Katz_____
                                            Stewart Katz,
                                            Attorney for Plaintiff


**DEMAND FOR TRIAL BY JURY**

Plaintiff RICHARD A. JAQUEZ hereby demands trial by jury.


Dated:  October 20, 2010                    Respectfully submitted,


                                            __/s/ Stewart Katz_____
                                            Stewart Katz,
                                            Attorney for Plaintiff