UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RICHARD JAQUEZ, JR., | No. 2:10-cv-01040 MCE-DAD |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

Plaintiff Richard Jaquez Jr. ("Plaintiff") seeks redress from Sacramento County and various named Sacramento County Jail employees (collectively, "Defendants") for injuries Plaintiff sustained while detained in the Sacramento County Main Jail. Defendants Sacramento County, Eric Maness, Jamie Lewis, and AnnMarie Boylan have filed a Motion to Dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[1]

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

For the reasons stated below, Defendants' Motion is granted in part and denied in part.[2]

## BACKGROUND[3]

Plaintiff was arrested for misdemeanor driving under the influence in January 2009. Sacramento officers arrested and booked him into the Sacramento County Jail, and placed him in a sobering cell since he was still under the influence of alcohol at the time of booking. During his incarceration, Plaintiff inquired about the time from one of the guards on duty. Plaintiff alleges that he instead learned that it was "time for a beating." Sacramento County Jail guards proceeded to hit, punch, and kick Plaintiff, who sustained multiple injuries, including a fractured right elbow, and a boot imprint on his face. Plaintiff subsequently went to see the jail nurse, who failed to take note of the extent of his injuries, or note on the chart the unmistakable boot print on his forehead. After being released, Plaintiff had to undergo extensive treatment for the injuries he received while incarcerated.

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests."

3

1  Twombly, 550 U.S. at 555 n.3 (internal citations omitted).  A
2  pleading must then contain "only enough facts to state a claim to
3  relief that is plausible on its face."  Id. at 570.  If the
4  "plaintiffs...have not nudged their claims across the line from
5  conceivable to plausible, their complaint must be dismissed."
6  Id.
7       Once the court grants a motion to dismiss, they must then
8  decide whether to grant a plaintiff leave to amend.  Rule 15(a)
9  authorizes the court to freely grant leave to amend when there is
10 no "undue delay, bad faith, or dilatory motive on the part of the
11 movant."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
12 leave to amend is generally only denied when it is clear that the
13 deficiencies of the complaint cannot possibly be cured by an
14 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
15 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
16 Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not
17 be dismissed under Rule 12(b)(6) unless it appears beyond doubt
18 that the plaintiff can prove no set of facts in support of his
19 claim which would entitle him to relief.") (internal citations
20 omitted).

## ANALYSIS

24    Plaintiff's First, Second and Sixth Causes of Action for
25 excessive force and battery are not contested by Defendants.  The
26 remaining causes of action are at issue, however, and are
27 addressed in turn below.
28 ///

4

**A.    Third and Fourth Causes of Action - Entity Liability**

Plaintiff alleges that Defendants are maintaining a de facto policy of not reporting obvious evidence of jail employees' use of excessive force in violation of 42 U.S.C. § 1983 and precedent established under Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658 (1978).  As a direct result of the policy, and by failing to properly train jail employees, Plaintiff argues his injuries went unrecorded and untreated.  Defendants argue that Plaintiff's claims are redundant and lack sufficient facts to sustain a claim.

**1.    Against the County**

Local governments are accountable under § 1983 only when the injuries inflicted "fairly represent official policy or custom." Monell, 436 U.S. at 694.  To establish liability, a plaintiff must show that he was deprived a constitutional right that the county specifically had an applicable policy addressing; that the policy amounted to "deliberate indifference" as to the constitutional right; and that the policy was the "moving force behind the constitutional violation." Mortimer v. Baca, 594 F.3d 714, 716 (9th Cir. 2010) (internal citations omitted).  Even in the light most favorable to plaintiff as required on a motion to dismiss, this standard is incredibly high; one that requires the plaintiff to establish more than one incident to create a patterned and pervasive violation.  See Oklahoma v. Tuttle, 471 U.S. 808, 824 (1985).

1 Further, where a municipality's failure to train evidences a
2 deliberate indifference to a plaintiff's constitutional rights,
3 the court must examine whether the "need for more or different
4 training is so obvious, and the inadequacy so likely to result in
5 the violation of constitutional rights, that the policymakers...
6 can reasonably be said to have been deliberately indifferent to
7 the need." Clouthier v. County of Contra Costa, 591 F.3d 1232,
8 1249-50 (9th Cir. 2010) (internal citations omitted).
9 In the instant case, Plaintiff has failed to plead
10 sufficient facts to demonstrate that the jail has an official
11 policy of NOT reporting what he characterizes as flagrant medical
12 evidence of police brutality.  Further, Plaintiff has failed to
13 demonstrate sufficient facts to show that the training is so bad,
14 that the actions taken "amounts to an official policy."
15 Clouthier, 591 F.3d at 1250.  The Court recognizes that many of
16 these deficiencies may be corrected during discovery, but that
17 this tender stage of litigation, there are not sufficient facts
18 included in the First Amended Complaint to nudge the claim
19 towards establishing an entitlement to relief.  The Motion to
20 Dismiss the Third and Fourth Causes of Action as it relates to
21 the County is granted.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## 2. Against Individually Named Officers

The three individually named Defendants are Sacramento County Jail supervisors. Individual employees can be held liable for their "own culpable action or inaction in the training, supervision, or control of [their] subordinates; for [their] acquiescence in the constitutional depravation; or for conduct that showed a reckless or callous indifference to the rights of others." Blankenhorn v. City of Orange, 485 F.3d 463, 485 (9th Cir. 2007) (internal citations omitted). Supervisory liability then hinges on whether the supervisor "set in motion a series of acts by others," that he "knew or reasonably should have known, would cause others to inflict the constitutional injury." Id. (internal citations omitted).

In the alternative, Defendants argue that qualified immunity also applies to Defendants, since the supervisors' conduct has not violated clearly established rights that would have been known to a reasonable person. Qualified immunity applies to § 1983 claims when the pled facts allege a constitutional violation and demonstrate that the right was clearly established. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009).

Here, the facts as pled establish a cognizable claim. Plaintiff asserts he was beaten excessively in violation of his constitutional rights. The supervisors allowed this environment to fester, as further indicated by their behavior that acknowledging such conduct in the medical department was unnecessary.

The failure of the medical staff, in particular, to take proper notice of Plaintiff's injuries suggests there is a systematic policy in place that prevents jail employees from being properly trained as to their responsibilities to those in custody who are injured by jail personnel.  Similarly, the individually named Defendants are not entitled to qualified immunity.  Plaintiff has pled enough facts to place Defendants on notice to the claim of Fourth Amendment violations, and that their conduct was potentially unlawful.  The Motion to Dismiss the Third and Fourth Causes of Action as to the individually named Defendants is denied.

**B.   Fifth Cause of Action - Entity Liability**

The Fifth Cause of Action as to the Defendants is virtually duplicative of the claims and requested relief under the Third and Fourth Causes of Action.  Therefore, Defendants' Motion to Dismiss is granted as to this cause of action.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23) is GRANTED as to Defendant County of Sacramento on the Third and Fourth Causes of Action; DENIED as to Defendants Eric Maness, Jamie Lewis, and AnnMarie Boylan on the Third and Fourth Causes of Action; and GRANTED as to all parties on the Fifth Cause of Action.
///

Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file a second amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: January 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE